# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL BUTA,
                Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
                Agency.

DOCKET NUMBERS
CH-4324-16-0388-C-1
CH-4324-16-0388-I-3

DATE: April 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Teresa J. Buta, Georgetown, Kentucky, for the appellant.

Eden Thompson and Jessica A. Neff, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the June 25, 2018 initial decision, which dismissed his initial appeal as settled. *Buta v. Department of Homeland Security*, MSPB Docket No. DC-4324-16-0388-I-3 (*Buta I*). He also petitions for review of the December 16, 2021 initial decision, which denied his petition for enforcement of the settlement agreement. *Buta v. Department of*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Homeland Security*, MSPB Docket No. DC-4324-16-0388-C-1 (*Buta II*). For the reasons set forth below, we JOIN the proceedings,[2] DISMISS the appellant's petition for review in *Buta I* as untimely filed without a showing of good cause for the delay, DENY the appellant's petition for review in *Buta II*,[3] and AFFIRM the *Buta II* initial decision, which is now the Board's final decision in that matter. 5 C.F.R. § 1201.113(b).

## BACKGROUND

On May 10, 2016, the appellant, at that time an employee of the U.S. Secret Service, filed an appeal alleging that the agency violated his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). *Buta v. Department of Homeland Security*, MSPB Docket No. DC-4324-16-0388-I-1. The appeal was dismissed without prejudice twice and refiled for the final time on February 26, 2018. *Buta I*, Appeal File (I-3 AF), Tab 2.

On June 18, 2018, after a hearing had taken place, the parties executed a settlement agreement resolving the appeal. I-3 AF, Tab 42. The agreement provided the appellant with benefits including (1) monetary compensation of $15,000; (2) promotion from a GS-13 to a GS-14 position; (3) selection for training in the next introductory network intrusion examination class (B-NITRO) class; and (4) up to $20,000 in student loan repayment assistance with a waiver of

---

[2] We find that joinder will expedite the processing of these cases and will not adversely affect either party. *See* 5 U.S.C. § 7701(f); 5 C.F.R. § 1201.36; *see also Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 1, n.1 (2006).

[3] Generally, we grant a petition such as this only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review in *Buta II*.

the agency's service period requirement. *Id*. The administrative judge dismissed the appeal as settled and entered the agreement into the record for enforcement purposes. I-3 AF, Tab 43, Initial Decision (ID). It is undisputed that the appellant was subsequently promoted to a GS-14 Technical Staff Assistant (TSA) position.

On July 31, 2019, the appellant sent an email to the Cyber Crimes Program Analyst, informing him that he had not been selected for an upcoming B-NITRO class, as required under the agreement. *Buta* II, Appeal File (C-1 AF), Tab 3 at 14. A courtesy copy of the email was provided to the agency representative who had participated in the settlement negotiations. *Id*. The appellant was subsequently placed in a B-NITRO class from August 5 to August 19, 2019. C-1 AF, Tab 1 at 34. However, at some point thereafter the appellant learned that there had already been two B-NITRO classes, held on March 4-22, 2019, and April 29-May 17, 2019, for which he was not selected. *Id*. At 24-25, 27-28.

In an email dated February 4, 2021, the appellant notified the Assistant Director that he believed the agency had breached the agreement by failing to provide him sufficient training for the GS-14 TSA position, and by failing to place him in the first B-NITRO class after the effective date of the agreement. *Id*. At 63-64. The appellant stated that, in his view, the purpose of the agreement was "to elevate me to a position and provide me the training, experience, and education, which would allow me to pursue a lucrative post-employment career" and that he was unable to meet that goal. *Id*. At 64. He noted that he was scheduled for mandatory retirement on March 31, 2021, and requested that he be rehired as an annuitant after his retirement in order to resolve the matter. *Id*.

The following day, February 5, 2021, the agency representative responded to the appellant's email. *Id*. At 63. The agency representative stated that the Office of General Counsel had reviewed the settlement and concluded that the agency was "in substantial compliance with all of the terms of the agreement." *Id*. At 63. According to the appellant, this response constituted an admission that

the agency "never intended to train, educate, or minimally qualify" him for his GS-14 position and that it fraudulently enticed him to enter the agreement with the false assurance of a "lucrative, post-employment career" in the cyber security field. *Id.* At 10.

On March 16, 2021, the appellant filed a pleading with the Board, labeled as a petition for review of the initial decision in *Buta I*. *Buta I*, Petition for Review (I-3 PFR) File, Tab 1. In his submission, the appellant alleged that the agency materially breached the agreement by (1) failing to place him in the first available B-NITRO class after the effective date of the agreement; and (2) failing to provide him with additional training and education needed to perform the duties of the GS-14 TSA position to which he had been promoted pursuant to the agreement. *Id.* At 6-8. Citing the February 5, 2021 response from the agency representative, the appellant further argued that the agency had fraudulently induced him into signing the settlement agreement. *Id.* At 8-10. The appellant also alleged that the agency had retaliated against him for filing his Board appeal. *Id.* At 8.

The following day, March 17, 2021, the Office of the Clerk of the Board issued an acknowledgment letter, which notified the appellant that his petition appeared to be untimely filed. I-3 PFR File, Tab 2. That same day, the appellant filed a request to withdraw the petition for review, stating that it had been filed "in error." I-3 PFR File, Tab 3. On March 18, 2021, the appellant's wife, who was serving as his representative, spoke by telephone with an employee in the Office of the Clerk of the Board. During that conversation, the appellant's wife clarified that the March 16, 2021 pleading was intended solely as a petition for enforcement of the settlement agreement and that the appellant wished to withdraw his petition for review. I-3 PFR File, Tab 4. Accordingly, on March 22, 2021, the Office of the Clerk of the Board rescinded the acknowledgment letter and referred the appellant's pleading to the Central Regional Office for processing as a petition for enforcement. *Id.*; C-1 AF, Tab 1.

Based on his review of the record, the administrative judge denied the appellant's petition for enforcement. C-1 AF, Tab 6, Compliance Initial Decision (CID) at 9. He agreed with the appellant that the agency had breached the agreement by not placing him in the first available B-NITRO class, but found that the breach was not material, and therefore not actionable. CID at 9-11. As to the second claimed breach, the administrative judge found that the agreement did not contain any terms requiring the agency to provide additional training and education relating to the GS-14 TSA position, notwithstanding the appellant's claim that the agency representative had made verbal assurances to that effect. CID at 12-18. The administrative judge further explained that the appellant's allegations of retaliation were outside the scope of the petition for enforcement and that a challenge to the validity of the agreement itself should be raised in a petition for review of the initial decision that dismissed the underlying appeal. CID at 18-20. He also denied the appellant's motion for sanctions. CID at 20-21.

On January 17, 2022, the appellant filed a pleading labeled as a petition for review of the initial decision in *Buta II*. *Buta II*, Petition for Review (C-1 PFR) File, Tab 1. In addition to reiterating his arguments from below, the appellant further contended that the agency's failure to provide additional training constituted a violation of merit systems principles, specifically, 5 U.S.C. § 2310(b)(7). C-1 PFR File, Tab 1 at 6-7. The Board issued an acknowledgment letter, identifying the appellant's January 17, 2022 pleading as a petition for review in *Buta II*. C-1 PFR File, Tab 2. The agency responded, and the appellant replied to the agency's response. C-1 PFR File, Tabs 4-5.

While that petition for review was still pending, the Board determined that, insofar as the appellant continued to challenge the validity of the agreement, the January 17, 2022 pleading also served as a new petition for review in *Buta I*. Accordingly, on February 7, 2023, the Board issued a second acknowledgment letter. I-3 PFR File, Tab 5. The acknowledgment letter noted that the January 17, 2022 petition was untimely filed with respect to the June 25, 2018 initial decision

in *Buta I*, and directed the appellant to file a motion asking the Board to accept the filing as timely or waive the time limit for good cause. I-3 PFR File, Tab 5. The appellant filed the requested motion. I-3 PFR File, Tab 7. The agency filed a response to both the timeliness motion and the petition for review itself, and the appellant replied to the agency's response. I-3 PFR File, Tabs 8, 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's petition for review of the initial decision in *Buta I* was untimely filed without a showing of good cause for the delay.</u>

A petition for review must be filed within 35 days after the date of the issuance of the initial decision. 5 C.F.R. § 1201.114(d). The initial decision in *Buta I* was issued on June 25, 2018. Hence, to be timely, a petition for review of that decision had to be filed by July 30, 2018. Because the appellant withdrew his original petition for review in *Buta I*, we consider the January 17, 2022 pleading as a new petition for review in that proceeding. *See Black v. Department of Housing and Urban Development*, 66 M.S.P.R. 283, 286 (1995). Thus, the appellant's current petition for review in *Buta I* was untimely filed by more than 3 years.[4]

The Board will waive the filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal

---

[4] Insofar as we consider the pleading as a petition for review of the compliance initial decision in *Buta II*, we find that it was timely filed.

relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

In his timeliness motion, the appellant states that he did not learn of the agency's alleged fraudulent intent until his mandatory retirement date was approaching, and he reached out to the agency seeking additional training and education before he retired. I-3 PFR File, Tab 7 at 10. This appears to be a reference to the February 2021 email exchange discussed above. C-1 AF, Tab 1 at 63-64. However, assuming without deciding that the appellant exercised due diligence in filing his March 16, 2021 petition for review, which he elected to withdraw, he has not explained the subsequent delay of approximately 10 months before filing his current petition for review on January 17, 2022. While the appellant's decision to withdraw his first petition for review may have been ill-considered, an appellant is responsible for the errors of his chosen representative. *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Moreover, a delay of 10 months is significant. *See Murphy v. Department of the Army*, 98 M.S.P.R. 624, ¶ 7 (2005) (finding a filing delay of 9 months significant, notwithstanding the appellant's pro se status). Accordingly, we find that the appellant has not shown good cause for the untimely filing of his petition for review in *Buta I*, and we therefore dismiss it.

This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review in *Buta I*. The initial decision remains the final decision of the Board regarding the USERRA appeal.

The appellant's petition for review in *Buta II* is denied.

Turning to *Buta II*, we discern no error in the administrative judge's conclusion that the appellant failed to establish a material breach of the settlement agreement. The appellant's arguments to the contrary amount to mere disagreement with the administrative judge's findings and do not warrant further review. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding

no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). As to the appellant's contention that the agency violated 5 U.S.C. § 2310(b)(7), the appellant did not raise this claim below, and he has not shown that the argument is based on evidence that was not previously available.[5] *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

Finally, we have considered the appellant's contention that the administrative judge conspired with the agency to deprive him of a remedy for the agency's alleged wrongdoing. However, we find that the appellant's allegations of bias do not suffice to overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980); *see Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (stating that an administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible") (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[5] In any event, the terms of the settlement agreement make no reference to the agency's obligations under 5 U.S.C. § 2301(b)(7).

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        *Gina K. Grippando*
                                      _____
                                      Gina K. Grippando
                                      Clerk of the Board

Washington, D.C.